TOWN OF PLYMOUTH *vs.* TOWN OF WATERBURY.

| 31 | 515 |
| 73 | 52 |

A person *non compos mentis* can gain a settlement by commorancy.

ASSUMPSIT for money expended in the support of a pauper, reserved by the superior court, upon a special finding of the facts, for the advice of this court. The case is sufficiently stated in the opinion.

*Hubbard,* with whom was *Giddings,* for the plaintiffs.

*Buel* and *Kellogg,* for the defendants.

HINMAN, C. J. As the pauper for whose support the plaintiffs claim compensation was originally settled in Waterbury, the question in the case is, whether at the time the supplies were furnished she had lost her original settlement and had gained another in Plymouth by residing there six years successively, supporting herself and paying all the lawful taxes legally imposed upon her there. Plymouth claims that she had not gained a new settlement, because she was, before and during all the time of her residence there, so far *non compos mentis* as to be incapable of taking care of herself, or of making contracts or managing her estate; and it is insisted that a person in this condition is incapable of gaining a settlement by commorancy. There is, however, nothing in the statute to exclude the idea that such persons may gain settlements in their own right. The language is very general, and the sixth section of the act relating to paupers provides that *any* inhabitant of any town may remove himself into any town and continue there without being liable to be warned to depart, and if he shall reside in such town for the full term of six years successively after his removal into such town, and shall during the whole of said time have supported himself and his family, if any he have, without his or their becoming chargeable to such town, or to the town that may by law be liable to be charged for the support of such person or family, he shall

gain a settlement in the town to which he may so have removed. Rev. Stat., tit. 42, § 6. The case therefore comes within the plain language of this statute, and we are not referred to any binding authority or decision showing that the case of an imbecile or of a person *non compos* was not intended to be embraced by it. We infer from the facts that the pauper in question was not so wholly destitute of mind as to come within the description of an idiot, and in such cases there is no fixed rule or standard by which to determine the exact amount of mental capacity that would enable a person to shift his domicil. But if any distinction of this sort is attempted, each case must of necessity be left to its own particular circumstances, and the result will always depend upon the uncertain finding of a court or jury. We think it better, therefore, that the statute literally construed should govern the case, than to attempt a distinction leading to litigation and uncertainty, with little if any corresponding benefit. The argument is very strong, that the pauper's domicil must have been in Plymouth during the eighteen years that she was there paying taxes to that town. And as she could have but one domicil, she must have gained a settlement there; and we do not think her want of capacity to select intelligently her place of residence a sufficient answer to it. Perhaps it may be true that stronger evidence of a change of domicil may be required in case the person is *non compos.* But we have nothing to do with that question. In this instance there is no room for doubt, she was a person of full age, having property sufficient to support her for many years; and having lost the protection of her father, an event which of course effected her manumission, she went to reside with the relative in Plymouth to whose care she was committed by her father in his will. Now if she had removed with her father to another town before his death, she would, according to the case of *East Hartford* v. *Middletown*, 1 Root, 196, have taken his settlement as a member of his family, and when her place of residence was changed in consequence of her emancipation by his death, and became permanently fixed in an adjoining town, it could no longer be said that her old domicil continued.

Her legal domicil should be her actual permanently estab-lished place of residence, and as this was in Plymouth she must have begun to gain a settlement there in her own right when she first removed there. We are confirmed in this view of the case by the fact that no authority to the contrary is cited, as well as by the circumstance that in Maine, under statutes which are supposed to be very similar to ours, it is held that idiots even can gain settlements in their own right. *Gardiner* v. *Farmingdale*, 45 Maine, 537.

We therefore advise the superior court to render judgment for the defendants.

In this opinion the other judges concurred.